CLERK U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FORT WORTH DIVISION
FILED
2023 JUL -5 AM 8:36
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **ERIC L. ELLIS,**<br><br>Plaintiff,<br><br>vs.<br><br>**CITY OF GRAND PRAIRIE, GRAND PRAIRIE OFFICER T. STEELE (in his individual Capacity) GRAND PRARIE OFFICER FRAZIER (in her individual Capacity),**<br><br>**DAVE'S HI-WAY WRECKER SERVICE AND**<br><br>**TOW TRUCK DRIVER CURTIS (in his individual capacity)**<br><br>**Defendants** | Case No.:<br><br>4-23CV-684-P |

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY**

---

## INTRODUCTION

Plaintiff, a Black man freshly relieved from a 12-hour shift at Printpack located at 2006 S Great SW Pkwy, Grand Prairie, TX 75051, was traveling home when he was forced off the public roadway by Grand Prairie Officer T. Steele. Officer T. Steele says he clocked Plaintiff Eric Ellis going 58mph. Eric Ellis denied he was speeding or committing any crime, as he often sees Officer T. Steele frequently using the same unconstitutional tactics often on W Pioneer Pkwy. These tactics are used specifically to generate revenue for City of Grand Prairie. But today, June 30th 2023 was the day that Officer T. Steele decided use the Texas Transportation Code to deprive Eric Ellis of his Constitutional right to travel freely and his constitutional right to property. Eric Ellis was pulled over 5 minutes after clocking out from work at 6:58. Eric Ellis properly identified himself to Officer Steele in response to the Officer asking for a "driver's license". Eric Ellis responds by informing the Officer that he is not a driver, carrier and/or an operator of any kind defined by the Texas Transportation Code and he isn't required to possess what's known as a "driver's license" to

travel freely abroad public roadways. Eric Ellis's right to travel freely and unencumbered is a clearly established right and it's so known that it doesn't even have to be mentioned.

Eric Ellis is not affiliated with the Texas Transportation Code at all as he doesn't transport goods or persons during his travels. While detained by the officers, Officer T. Steele and Officer Frazier attempted to persuade Plaintiff Eric Ellis that he is an operator violating the Texas Transportation Code and that they were seizing his property because he was allegedly in violation. But Eric Ellis was ignored repeatedly when he requested the Officers show him exactly what sections of the Texas Transportation Code and/or allege crimes that he was suspected to be in violation of or in the process of committing. Turns out, the officers didn't know the code themselves. City of Grand Prairie failed to train Officer T. Steele and Officer Frazier on how to spot a carrier and/or an "operator" defined by the Texas Transportation Code. In many cities in Texas the Officers use these same thirsty tactics to generate revenue for the city and its Police Department. Eric Ellis has historically run into the same tactics used by City of White Settlement and City of Fort Worth. The officers are out here enforcing a code that they haven't read or just simply uneducated on. The cities of Texas fail to train them to be in compliance with the US Constitution.

Officer Steele and Officer Frazier requested a tow truck driver from their employer City of Grand Prairie Police Department. City of Grand Prairie Police Department dispatches Dave's Hi-Way Wrecker Service Tow Truck Driver "Curtis". Curtis whom acted upon color of state law as he was called to specifically assist in the seizure of Plaintiff Eric Ellis's property. All the Defendants were acting under color of law while they violated Eric Ellis's clearly established right to travel freely and unencumbered and his clearly established right to his property. On top of that the Officers (whom during the seizure claimed that they were acting upon policy and/or practice of the State of Texas), violated the State of Texas Constitution by depriving Eric Ellis of his property. Eric Ellis finds that multiple cities in the State of Texas are using the Texas Transportation Code unconstitutionally to deprive people of their right to own and retain property. Utilizing the code in this manner also hinders people's right to travel, including Eric Ellis. It's to the point now that the existence of this code is unconstitutional.

Plaintiff's property was taken by the Defendant Officers at 711-Exxon on w pioneer parkway in exchange for a single piece of paper known as citation. Eric Ellis's car was not on public roadway and posed no threat to public safety. As a result, Defendant Officers and Curtis from Dave's Hi-Way Service seized Eric Ellis's vehicle without due process of law.

Eric Ellis then walked to the Grand Prairie Police Department located at 1525 Arkansas Ln, Grand Prairie, TX 75052. At the police department Plaintiff Eric Ellis filed his complaint against Officer T. Steele and Officer Frazier for seizing his property without due process of law. (SEE EXHIBIT COMPLAINT IN APPENDIX.)

Eric Ellis then visited Dave's Hi-Way Wrecker Services located at 1509 E Main St, Grand Prairie, TX 75050 in attempt to collect intimate personal property from inside of his car, the clerk informed Eric Ellis that Officers instructed them to have it delivered to Grand Prairie Auto Impound Lot located at 3010 Hardrock Rd, Grand Prairie, TX 75050. It was at this location that Eric Ellis was finally denied any information or any connection with his property. Eric Ellis's property was officially deprived without due process of Law. The Clerk instead told Eric Ellis to call a detective while handing him a business card. (See YouTube Video of the Events in the Plaintiff's Appendix)

The Plaintiff was followed by Officers Frazier and other Grand Prairie Officers throughout this whole process as this can be seen in the videos of the incident. The Officers were there to protect the City and State's interest in Eric Ellis's property.

## NATURE OF THE CASE

COMES NOW the Plaintiff, Eric Ellis, files this action against Defendants City of Grand Prairie, City of Grand Prairie Officer T. Steele, City of Grand Prairie Officer Frazier, Dave's Hi-Way Wrecker Service and Tow Truck Driver "Curtis" in their individual capacities, and in support thereof states as follows:

## JURISDICTION AND VENUE

This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because it arises under the Constitution and laws of the United States, as it is being brought to obtain compensatory and punitive damages for the deprivation, under color of state law, of the rights of citizens of the United States that are secured by the United States Constitution, pursuant to 42 U.S.C. §§ 1981, 1983 and 1988. This Court has supplemental jurisdiction over the claims arising under Texas law pursuant to 28 U.S.C. § 1367(a).

This Court is the proper venue pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the claims occurred in the City of Grand Prairie.

The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, excluding interest, costs, and attorney fees.

The unlawful actions alleged in this Complaint took place within the jurisdiction of the United States Northern District of Texas.

Venue is appropriate in the Northern District of Texas, pursuant to 28 U.S.C. § 1391(b) since the Individual Defendants are residents of Western Texas and the acts providing the legal basis for this Complaint occurred in the City of Grand Prairie, Texas.

## **PARTIES**

Defendant City of Grand Prairie is a political subdivision of the State of Texas, which operates, oversees, and manages the Grand Prairie Police Department.

Plaintiff Eric Ellis is an adult over the age of eighteen, and at all times relevant hereto, was and is a frequent visitor of the City of Grand Prairie. For sake of clarity, he will be referred to as Ellis throughout this Complaint.

Defendant Officer T. Steele, at all times relevant, was employed as a police officer and acting under color of state law as a law enforcement officer in the City of Grand Prairie, Texas.

Defendant Officer Frazier, at all times relevant, was employed as a police officer and acting under color of state law as a law enforcement officer in the City of Grand Prairie, Texas.

Defendant Dave's Hi-Way Wrecker Service, at all relevant times was licensed and registered with the state of Texas. At all times relevant this Defendant was contracted by the City of Grand Prairie to assist in the seizure of Eric Ellis's property. At all times relevant this Defendant deployed its employee "Curtis" whom also is licensed and registered through the state. They can be served at their workplace located at 1509 E Main St, Grand Prairie, TX 75050.

Defendant Curtis at all relevant times was an employee of Defendant Dave's Hi-Way Wrecker Service whom is also licensed and registered through the state. Defendant Dave as a state actor performed the seizure of Plaintiff's property without probable cause and due process of law. Defendant Dave also failed to intervene in this matter. He is being sued in his individual capacity as he too acted under color of the law while seizing Eric Ellis's property. He can be served at his workplace located at 1509 E Main St, Grand Prairie, TX 75050.

At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of Texas.

The individual Defendants are sued in their individual capacity.

The individual Defendants, Officer Steele and Officer Frazier will herein be referred to collectively as the individually named Defendant Officers. Upon information and belief, all the individually named Defendant Officers are citizens of the United States and are law enforcement officers within the jurisdiction of the Dallas County and are employed by the City of Grand Prairie.

Plaintiff is informed and believe and thereon allege that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff.

## GENERAL FACTUAL ALLEGATIONS

On the morning of June 30th, 2023, Plaintiff was leaving his workplace when he spotted and forced off the roadway by Defendant Officer Steele. Plaintiff Eric Ellis pulled into a private business parking lot on W Pioneer Parkway at 7-11 Exxon located at 1401 W Pioneer Pkwy, Grand Prairie, TX 75051.

Officer T. Steele says that he pulled the Plaintiff over for speeding. Officer Steele continues to ask for a “Driver's License”. Eric Ellis identified himself to the officer using personal identifying information. Eric Ellis informs the Officer that he is not a carrier defined by the Texas Transportation Code

and that he is just traveling home from work not transporting goods or persons. Officer Steele ignored all the Plaintiff's statements and requested back up. Officer Frazier arrived and the officers requested Eric Ellis to step out of the vehicle immediately imposing sanctions on Eric Ellis's movements. He was now Detained! Eric Ellis asked the officers are they acting upon policy or practice of the City of Grand Prairie and the Officers responded "No, The State of Texas".

Defendant Officers relied on false statements when Officer Steele claimed Eric Ellis was some sort of "operator" and/ or a "driver". Eric Ellis denied being such and the seizure continued. The Defendant Officer T. Steele began searching Eric Ellis's property, removing his house keys and throwing them on the ground along with Ellis's scheduled lunch. This can be seen at here:

https://youtu.be/Gt1KQuRJSdQ

Grand Prairie Officer T. Steele, Officer Frazier and Curtis seizing Eric Ellis's property 6.30.23.



(This video can also be found in the appendix to Original Complaint labeled EXHIBIT Video 1.)

Then the Defendant Officers requested a tow truck driver to be dispatched to a private business parking lot specifically to assist in the unlawful seizure. Dave's Hi-Way Wrecker Services clerk says the tow truck driver's name is "Curtis". So Tow Truck Driver Curtis whom is licensed through the state to perform Tows, was deployed to perform the "towing" of Eric Ellis's property successfully solidifying his role in the City of Grand Prairie's mission. The mission was to use the Texas Transportation Code to tax the travels of the people of Texas. By seizing Eric Ellis's property, the

Defendants plan is to convert it into cash to gain a profit by selling Eric Ellis's property for the City of Grand Prairie's benefit.

The Defendant Officers and Defendant Curtis seized Eric Ellis's property and delivered it to Grand Prairie Police Auto Impound. Eric Ellis immediately went to retrieve intimate property from inside and to seek information on the seizure of his vehicle. Eric Ellis's first amendment rights were violated by Grand Prairie Auto Impound lot as he was denied the access to his vehicle and information regarding his illegally seized property. The Grand Prairie Auto Impound Clerk instead gave Plaintiff Eric Ellis a business card and refused to provide him any further information on his seized property. As Plaintiff Eric Ellis was leaving the Grand Prairie Auto Impound facility, he was not pleased to learn that Officer Frazier and other Grand Prairie Officers had followed him there to ensure that he gets denied information pertaining to his property. This is unconstitutional seeing as though the unnamed Officers illegally detained Eric Ellis's family outside of Grand Prairie Auto Impound lot as they await my exit. One officer even told witness Rebecca Johnson "to stay in the car" as she got out to soothe our crying 2-year-old son. After that, once again Eric Ellis was escorted from the Grand Prairie Impound Auto Lot to protect the City of Grand Prairie's financial interest in the Plaintiff's seized assets. See Video here:

https://youtu.be/XtuD3htFm4s

06.30.23 - Eric Ellis arrives at the Auto Impound Grand Prairie seeking information on his property



(This video can also be found in the Appendix to the Original Complaint labeled Video 3.)

As a result of the Defendants' actions, Plaintiff suffered a deprivation of his rights and liberties, properties, and other general damages in an amount to be proven at trial.

At no time during the encounter with Defendants did Plaintiff do or say anything that would give a reasonable officer probable cause to search and seize.

At no time during the encounter with Defendants did Plaintiff do or say anything that would give a reasonable officer probable cause to think he is a “carrier” or an “operator” defined by the Texas Transportation Code.

There are no facts that the Defendants can provide that would give rise to a reasonable suspicion to take Eric Ellis’s property with intentions to sell it for the city’s benefit, and certainly did not furnish probable cause to detain Eric Ellis’s family at the Grand Prairie Auto Impound Lot when he sought information on the seizure committed by the State’s Actors. (see EXHIBIT VIDEO 4 in the Plaintiff's Appendix)

Plaintiff is informed and believe, and intend to prove after conducting relevant discovery, that Defendants’ actions in detaining and seizing the Plaintiff's property using  were motivated largely or entirely by the following (1) Plaintiff's skin color, (2) Eric Ellis’s questioning the legitimacy of the stop,  (3) Plaintiff's verbal protestations of the Defendants’ actions and Plaintiff's accusation that the Defendants were harassing him. and/or (4) to convert the Plaintiff's property into cash for the benefit of the City of Grand Prairie. Indeed, as shown on the video footage provided by the

Plaintiff, Plaintiff did not do or say anything that would have provided reasonable suspicion or probable cause for the detention and/or the taking of his property.

Therefore, there is a strong inference that the Defendants were in fact motivated by one or more the three factors enumerated above.

DISCUSSION:

The Fourth Amendment protects against unreasonable searches. For a vehicle impoundment by law enforcement to be legal, it must be reasonable under the Fourth Amendment. Benavides v. State, 600 S.W.2d 809, 811 (Tex. Crim. App. 1980 [panel op.]). The State must prove that the impoundment was reasonable. Benavides, 600 S.W.2d at 810. A search pursuant to a tow inventory is legal if the tow itself was reasonable.

This "tow" wasn't reasonable" under the Fourth Amendment based on the facts.

(1) Plaintiff Eric Ellis was not involved in an accident;

(2) Plaintiff Eric Ellis did not abandon his vehicle;

(3) Plaintiff Eric Ellis was not under arrest so his property was not connected to the offenses they alleged he committed;

(4) Plaintiff Eric Ellis vehicle did not present a hazard to on-coming traffic as he was neatly parked in a parking spot at 7/11-Exxon;

(5) Plaintiff Eric Ellis's vehicle wasn't towed under circumstances authorized by a local municipal or county policy.

(6) Plaintiff's property was towed Pursuant to §601.051 of the Texas Transportation Code, no person may operate a motor vehicle in this state unless financial responsibility is established for that vehicle.

(7) In addition to Plaintiff Eric Ellis not being an "operator and/or driver of any kind in reference to the Texas Transportation Code, Sec. 601.052 lists the EXCEPTIONS TO FINANCIAL RESPONSIBILITY REQUIREMENT.

(a) Section 601.051 does not apply to:

Vehicles used only for exhibitions, club activities, parades, and other functions of public interest and not for regular transportation;

(8) Plaintiff's Eric Ellis informed the officer that his vehicle is not used for transportation of goods or persons which is "regular transportation", prior to the Officer towing the vehicle. Using this information there is no way the "Tow" was legal.

ARGUMENT

The City of Grand Prairie Officers violated the fourth and the fourteenth Amendment of the constitution by towing and searching Eric Ellis's Property. These actions were very unreasonable and violated the Fourth Amendment because the Plaintiff Eric Ellis was detained at a public gas station namely 711-Exxon located at 1401 W Pioneer Pkwy, Grand Prairie, TX 75051. Given these facts there was a reasonable alternative to towing the vehicle, namely, leaving it in the parking spot seeing as though he was not arrested. Additionally, Eric Ellis was and will never be a carrier or an operator defined by the Texas Transportation Code thus he is not affiliated with anything the code regulates.

Furthermore, Defendant Officers only gets to inventory Eric Ellis's property if they can come up with a reasonable basis for having it towed in the first place. Just because Eric Ellis was detained doesn't mean his car had to be towed. Eric Ellis's property was neatly parked in a public parking spot. There was no legal justification for the towing of Ellis's property because there was an alternative option of leaving in the public parking space.

## SUPREME COURT RULING

In South Dakota v. Opperman, the Supreme Court defined that as the right to impound vehicles that "jeopardize public safety and the efficient movement of vehicular traffic."

Eric Ellis car parked in a public parking spot, posed no such threat to safety or traffic flow.

Since Plaintiff's car, parked in a parking spot at a public place, posed no such threat to safety or traffic flow. This court should dismiss any argument that arises that sounds similar to impounding the Eric Elli's car would stop him from repeating what they think is "illegal" activity in the future.

## UNLAWFUL SEIZURE

Eric Ellis concludes that this seizure served "no acceptable purpose" and was therefore unreasonable and unconstitutional. Eric Ellis's constitutional rights against unreasonable seizure had been violated, his due process rights have been violated as well, since there was a city practice that deprived the plaintiff of his right to contest the impoundment.

# CLAIMS FOR RELIEF

## COUNT I:

## Retaliation for Eric Ellis's Questioning the Legitimacy of the towing of his car—and his Legal Obligation to be detained in Violation of the First Amendment 42 U.S.C. § 1983

(Against Defendant Officer T. Steele and Defendant Officer Frazier)

Eric Ellis re-alleges and incorporates by reference the allegations set forth in paragraphs above as if fully set forth herein.

The First Amendment prohibits government officials from retaliating against individuals engaged in constitutionally protected activities.

Eric Ellis engaged in constitutionally protected speech when he questioned the legitimacy of–and his legal obligation to agree to–Defendant Officers stopping him, seizing his car, detaining him, following him to the impound

lot hindering his right to travel, refusing to provide him significant information regarding his private property.

As established above, there was no probable cause to detain or seize Eric Ellis's property as Plaintiff Eric Ellis is not a carrier defined by the Texas Transportation Code and his travels cannot be auto taxed by the State just because he is a human in a car on public roadway.
Defendants would not have seized Eric Ellis and his vehicle but for his questioning of Defendant Officer Steeles's conduct and the legal basis of his requests.

By seizing Eric Ellis's property and deliberately fabricating a frivolous citation, deliberately causing evidence to be fabricated, and deliberately agreeing to fabricate evidence against him because of his speech, Defendants impermissibly retaliated against him in violation of his clearly established First Amendment rights.

But for Eric Ellis's engagement in constitutionally protected activity of travel, Defendants would not have seized Eric Ellis's property and fabricated false evidence to incriminate him.

Defendants' unconstitutional acts, under color of state law, directly and proximately caused compensable injury to Mr. Ellis.

Defendants' actions were willful, deliberate, and malicious, and involved reckless or callous indifference to Mr. Ellis's rights, and should be punished and deterred by an award of punitive damages against Defendants as permitted by law.

## COUNT II:

## Civil Conspiracy

## 42 U.S.C. § 1983

(Against Defendants Officer T. Steele, Officer Frazier and Dave's Hi-Way Wrecker Services Tow Truck Driver "Curtis")

Mr. Ellis re-alleges and incorporates by reference the allegations set forth in paragraphs above as if fully set forth herein.

Defendants, acting under color of state law, agreed to take actions to deprive Mr. Ellis of his clearly established constitutional rights as described in this complaint.

They agreed, at Defendant Officer T. Steele's direction, to fabricate evidence against him, in the form of false charges, police reports and verbal statements to the Grand Prairie Police Department that contradicted their own observations and statements on the scene. They did so in an attempt to conceal and justify Defendant's spontaneous and unjustified search and seizure of Mr. Ellis and his property to further retaliate against Mr. Ellis for questioning the legitimacy of, and legal basis for, the Defendant Officers' conduct.

On information and belief, Defendants formed the agreement to abuse the powers granted by the Constitution by using the Texas Transportation Code in such a manner that it hindered Eric Ellis's constitutional right to travel home from work after a long overnight shift. These actions also deprived Eric Ellis of his property without due process of law.

Defendants' actions were willful, deliberate, and malicious, and involved reckless or callous indifference to Mr. Ellis's rights, and should be punished and deterred by an award of punitive damages against Defendants as permitted by law.

## COUNT III:

## Failure to Intervene

## 42 U.S.C. § 1983

(Against Defendants Officer T. Steele, Officer Frazier and Dave's Tow Truck Driver Curtis)

Eric Ellis re-alleges and incorporates by reference the allegations set forth in paragraphs above as if fully set forth herein.

Defendants, acting under color of state law, knew or should have known that they and others were violating Mr. Ellis's constitutional rights as described in all Counts of this complaint.

Defendants each had multiple reasonable opportunities to intervene and prevent these violations but, acting with deliberate indifference, declined to do so.

Defendants' failure to intervene violated Mr. Ellis's clearly established constitutional rights.

Through their failure to intervene, Defendants directly and proximately caused Mr. Ellis's injuries.

Defendants' actions were willful, deliberate, and malicious, and involved reckless or callous indifference to Mr. Ellis's rights, and should be punished and deterred by an award of punitive damages against Defendants as permitted by law.

## **COUNT IV:**

VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

(First Amendment – Retaliatory Seizure)

(Against All Defendants)

42 U.S.C. Section 1983 – First Amendment

Plaintiff refers to all paragraphs of this Complaint and incorporates by reference the allegations of said paragraphs as though expressly set forth at length at this point.

By the actions and omissions described above, Defendants, acting under color of state law in their individual capacities, and as integral participants, violated Plaintiff's rights under the First Amendment to the U.S. Constitution. In particular, Defendants retaliated against Plaintiff for his speech, including his verbal protests and criticisms of the Defendants' actions in investigating, detaining, and seizing Plaintiff's property without due process, and their exercise of their right to refuse to cooperate in what started as a consensual encounter. Plaintiff also believe Defendants retaliated against him for refusing to cooperate in a consensual encounter, which is also protected activity under the First Amendment.

Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and

reckless disregard for whether the rights of Plaintiff would be violated by their acts and/or omissions. Defendants' acts and/or omissions were the moving force behind, and proximately caused injuries and damages to Plaintiff as set forth above.

Defendants' conduct entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and Texas law in an amount sufficient to punish and deter such conduct.

Defendants intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently detained, handcuffed, and/or arrested Plaintiff without any lawful basis.

These adverse acts were done due to Plaintiff Ellis's exercise of his First Amendment right to free speech and his right to question the legal basis of Officer's actions.

Defendant Officer T Steele and Officer Frazier intentionally seized Plaintiff Eric Ellis's property with the intention of deterring him from exercising his First Amendment right to question the legitimacy of the stop.

Defendant Steele's conduct in searching and seizing the Plaintiff and his car from deprived him of his liberty probable cause, legal justification, just cause, or any other legally valid reason.

Plaintiff suffered harm as a result.

**COUNT V:**

VIOLATION OF CIVIL RIGHTS UNDER

42 U.S.C. § 1983 (Fourth Amendment – Illegal Seizure)

(Against All Defendants)

Plaintiff incorporates herein all prior allegations.

Defendants, acting under the color of law, violated all Plaintiff's constitutionally protected rights including their right to be free from illegal search and seizure.

Plaintiff suffered harm as a result.

**COUNT VI:**

VIOLATION OF CIVIL RIGHTS UNDER

42 U.S.C. § 1983 (Fourth Amendment – Malicious Prosecution)

(Against Defendants Officers)

Plaintiff incorporates herein all prior allegations.

The elements of malicious prosecution are as follows:

A criminal proceeding commenced against the Plaintiff;

Defendant initiated or procured the proceeding;

The proceeding has not been scheduled or terminated yet;

The Plaintiff was innocent of the crime charged;

The Defendant lacked probable cause to initiate the criminal proceeding;

The Defendant acted with malice; and

The Plaintiff suffered harm as a result.

Defendant Officers filed a false report to the Grand Prairie Police Department, charging Ellis with various tickets Operating a Vehicle w/o plates.

The proceeding has not been scheduled yet; thus, it is currently an ongoing contributory cause in Ellis's stress and emotional distress because Eric Ellis will not know the outcome until the case is settled or dismissed.

Ellis was innocent of the crime charged because he did not commit any crime at all.

Defendant Officers lacked probable cause to initiate the criminal proceeding because they knew Ellis did not need to have any type of plate to exercise his right to travel, and he certainly isn't subject to the Texas

Transportation Code solely because he is human. Eric Ellis is not a carrier or an operator defined by the Code at all.

The Defendants also knew that they couldn't legally take Eric Ellis's without due process of law.

The Defendants also knew that at all times relevant to this matter that Eric Ellis was not a carrier defined by the Texas Transportation Code and that he is not affiliated with the Code at all.

Defendant Officers acted with malice by filing a false report to corroborate the seizure of Ellis's property.

Plaintiff suffered harm as a result.

## **COUNT VII:**

VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

(First Amendment – Retaliatory Prosecution)

(Against Defendants Officer T. Steel and Officer Frazier)

Plaintiff incorporate herein all prior allegations.

Defendant Officers, acting under color of law, maliciously charged Plaintiff Ellis with a frivolous citation which resulted in the search and seizure of Eric Ellis's property. At all times relevant to this matter Eric Ellis was not a carrier or an operator of any kind. The Defendants force these labels on Eric Ellis during this stop in attempt to establish probable cause. This use of the Texas Transportation Code is unconstitutional and it promotes the idea that Officers are allowed to accuse you of being an operator or a carrier as long as you're human. This is why the Defendant Officers believed they had immediate probable cause. They were trained to apply the Texas Transportation Code in an unconstitutional manner where it infringed upon the Constitutional rights of Eric Ellis.

This adverse act was done in retaliation for Plaintiff Ellis engaging in constitutionally protected conduct as described herein, and to prevent him from engaging in such conduct, specifically questioning the legality and legitimacy of his detainment.

Defendant's adverse acts would deter a man of ordinary firmness from continuing to engage in traveling freely and owning property without being affiliated with the Texas Transportation Code.

Plaintiff suffered harm as a result.

## COUNT VIII:

42 U.S.C. Section 1983 – Fourth Amendment

(Against Defendants Officer T. Steele, Officer Frazier and Curtis)

Plaintiff refers to all paragraphs of this Complaint and incorporates by reference the allegations of said paragraphs as though expressly set forth at length at this point.

By the actions and omissions described above, the Defendants, acting under color of state law in their individual capacities, and as integral participants, violated Plaintiff's rights under the Fourth Amendment to the U.S. Constitution. These deprivations include, but are not limited to:

a. The right to be free from detention without reasonable suspicion;

b. The right to be free from arrest without probable cause;

c. The right to be free from unreasonable search and seizure of property;

d. The right to be free from excessive force.

Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights of Plaintiff would be violated by their acts and/or omissions. Defendants' acts and/or omissions were the moving force behind, and proximately caused, injuries and damages to Plaintiff as set forth above.

Defendants' conduct entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and Texas law in an amount sufficient to punish and deter such conduct.

**COUNT IX:**

42 U.S.C. Section 1983 – Fourteenth Amendment

(Against Defendants T. Steele, Officer Frazier and Curtis)

Plaintiff refers to all paragraphs of this Complaint and incorporates by reference the allegations of said paragraphs as though expressly set forth at length at this point.

By the actions and omissions described above, Defendants, acting under color of state law in their individual capacities, and as integral participants, violated Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution. Defendants intentionally discriminated against Plaintiff based on the color of his skin.

Defendants would not have harassed, detained, searched and seized his property and if he was white. The Defendants went above and beyond by following Eric Ellis on his journey to seek information on his property. Choosing to detain Plaintiff – a Black man– leaving a private business for no lawful reason at all is illegal racial profiling and prohibited by the Fourteenth Amendment's Equal Protection Clause.

Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights of Plaintiff would be violated by their acts and/or omissions.

Defendants' acts and/or omissions were the moving force behind, and proximately caused, injuries and damages to Plaintiff as set forth above.

Defendants' conduct entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and Texas law in an amount sufficient to punish and deter such conduct. nt.

## COUNT X:

42 U.S.C. Section 1981

(Against Defendants Officers Steele and Frazier)

Plaintiff refers to all paragraphs of this Complaint and incorporates by reference the allegations of said paragraphs as though expressly set forth at length at this point.

In doing the things herein alleged, Defendants intentionally discriminated against Plaintiff because of his race, thereby depriving him of his right to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens.

Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights of Plaintiff would be violated by

their acts and/or omissions. Defendants' acts and/or omissions were the moving force behind, and proximately caused injuries and damages to Plaintiff as set forth above.

Defendants' conduct entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and Texas law in an amount sufficient to punish and deter such conduct. No punitive damages are sought against Defendant City of Grand Prairie.

**COUNT XI:**

Invasion of Privacy

(Against All Defendants)

Plaintiff refers to all paragraphs of this Complaint and incorporates by reference the allegations of said paragraphs as though expressly set forth at length at this point.

During the incident giving rise to this action, Plaintiff had a reasonable expectation of privacy in his personal affairs, including the contents of their personal belongings such as vehicles, bags, purses, wallets, pocketbooks, cell phones and other electronic devices.

In doing the things herein alleged, Defendants intentionally invaded and intruded into Plaintiff's personal and private affairs by searching his belongings without a warrant or other legal justification.

Defendants' invasion of Plaintiff's privacy would have been offensive to any reasonable person.

As a direct and proximate result of Defendants' conduct, Plaintiff was harmed.

Defendant City of Grand Prairie and Defendant Dave's Hi-Way Wrecker Services is vicariously liable for the acts and omissions of its employees acting in the course and scope of said employment, pursuant to the Respondeat Superior doctrine.

The conduct of the individual Defendants was malicious and oppressive in that they intended to harm Plaintiff and deprive him of his rights. Their actions were despicable and carried out with a willful and conscious disregard for Plaintiff's rights and safety, entitling Plaintiff to punitive damages pursuant to Texas Civil Code Section Sec. 41.003. No punitive damages are being sought against the Defendant City of Grand Prairie and Dave's Hi-Way Wrecker Service.

**COUNT XII**

Negligence

(Against All Defendants)

Plaintiff refers to all paragraphs of this Complaint and incorporates by reference the allegations of said paragraphs as though expressly set forth at length at this point.

The individual Defendants owed Plaintiff a duty to use reasonable care in connection with the parties' interactions as described herein. In particular, said Defendants had a duty to carefully investigate any criminal activity, to use care to avoid subjecting Plaintiff to an illegal detention, arrest, use of force, or deprivation of any of the other rights enumerated herein, and to use reasonable care to avoid engaging in biased policing or racial profiling.

In doing the things herein alleged, Defendants breached the applicable duty of care by acting unreasonably, carelessly, negligently and/or recklessly.

As a direct and proximate result of Defendants' conduct, Plaintiff suffered injuries and damages as set forth above.

Defendant City of Grand Prairie and Dave's Hi-Way Wrecker Service are vicariously liable for the acts and omissions of its employees acting in the

course and scope of said employment, pursuant to the Respondeat Superior doctrine.

The conduct of the individual Defendants was malicious and oppressive in that they intended to harm Plaintiff and deprive him of his right to travel and his right to property. Their actions were despicable and carried out with a willful and conscious disregard for Plaintiff's rights and safety, entitling Plaintiff to punitive damages pursuant to Texas Civil Code Section Sec. 41.003. No punitive damages are being sought against the Defendant City of Grand Prairie and Dave's Hi-Way Wrecker Service.

## **REQUEST FOR RELIEF**

Defendants' flagrant disregard for their professional obligations, the court system, the rule of law, and Mr. Eric Ellis's basic dignity led to very real pain, fear, and material costs for Mr. Ellis. Mr. Ellis now asks the Court to enter a judgment confirming that these officers are not above the laws they enforce, and that they will be held accountable for abusing their authority.

WHEREFORE, on the basis of the foregoing, Mr. Ellis demands a jury trial for all issues so triable pursuant to the Seventh Amendment of the United States Constitution and Federal Rules of Civil Procedure, and requests that this Court issue the following relief, jointly and severally, against all Defendants:

a. Declare that Defendants violated Eric Ellis's constitutional rights;

b. Award compensatory damages against Defendants in an amount $5,000,000 usd;

c. Award punitive damages against Defendants Officer T. Steele and Officer Frazier in an amount sufficient to punish their conduct and deter similar conduct in the future, pursuant to 42 U.S.C. Section 1983 and Texas Civil Code Section Sec. 41.003 (no punitive damages are sought against Defendant City of Grand Prairie);

d. Award such other relief as the Court deems just and proper.

Respectfully submitted, this 3r day of July 2023.

**JURY DEMAND**

Plaintiff hereby demand a trial by jury of all issues so triable, pursuant to Fed. R. Civ. Pr. 38(b).

Respectfully submitted,

Eric L Ellis
8539 Melissa Dr
Fort Worth, Tx 76108
3185075030
EricLamarEllis@gmail.com

7.3.2023

**CERTIFICATE OF SERVICE**

I hereby affirm that on this 3rd day of July, that the foregoing document was filed with the Court's CM/ECF electronic filing system, and a motion to serve has been filed with the court requesting the court serve the defendants on behalf of the Pro Se Plaintiff.

/s/ *Eric L. Ellis*